Last Revised August 1, 2017

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

IN RE:                                                                              Case No. **13-bk-31295**

                                                                                    Judge _____

**Leineek, Michael**
                              Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

[ ] Original                    [X] Modified/Notice Required          Date: **September 5, 2017**

[ ] Motions Included            [ ] Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

[ ] DOES [X] DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

[X] DOES [ ] DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

[ ] DOES [X] DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: **MCC**        Initial Debtor: **ML**        Initial Co-Debtor: _____

**Part 1: Payment and Length of Plan**

a.  The debtor had paid **$51,982.00** to date.   The Debtor shall pay $ **1,460.00** per **month** to the Chapter 13 Trustee, starting on **10/1/2017** for approximately **12** months.

b.  The Debtor shall make plan payments to the Trustee from the following sources:
    **[X]** Future Earnings
    [ ]  Other sources of funding (describe source, amount and date when funds are available):

c.  Use of real property to satisfy plan obligations:
    [ ]  Sale of real property
        Description:
        Proposed date for completion: _____

    [ ]  Refinance of real property
        Description:
        Proposed date for completion: _____

    [ ]  Loan modification with respect to mortgage encumbering property
        Description:
        Proposed date for completion: _

d.  [ ]  The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e.  [ ]  Other information that may be important relating to the payment and length of plan:

**Part 2: Adequate Protection [X] NONE**

a. Adequate protection payments will be made in the amount of $ **None** to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to _____ (creditor).

**Part 3: Priority Claims (Including Administrative Expenses)**

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Capone & Keefe, PC** | Administrative Expense | **1,750.00** |
| **Internal Revenue Service** | **Taxes** | **31,111.23** |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
**[X]** None
[ ] The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| **None** | | | |

**Part 4: Secured Claims**

2

**a. Curing Default and Maintaining Payments [ ]NONE**

The Debtor shall pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: [X] NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| None |  |  |  |  |  |

**c. Secured claims excluded from 11 U.S.C. 506: [X] NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| None |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments [X] NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| None |  |  |  |  |  |  |  |

3

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender [ ] NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| **Bayview Loan Servicing** | **Residence** | **290,216.00** | **0.00** |

**f. Secured Claims Unaffected by the Plan [ ] NONE**

The following secured claims are unaffected by the Plan:
**Santander Consumer Usa**
**Toyota Motor Credit**

**g. Secured Claims to Be Paid in Full Through the Plan [ ] NONE**

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| **Internal Revenue Service** | **2001 Lexus SC430 (daughter's car) & 2010 Volkswagen Jetta & 1988 Toyota Landcruiser (245,000 miles) & 1986 Dodge Pick-up & Check** | **30,094.40** |

## Part 5: Unsecured Claims [ ] NONE

**a. Not separately classified** allowed non-priority unsecured claims shall be paid:

___ Not less than $ _____ to be distributed *pro rata*
_X_ Not less than **0.00** percent
___ *Pro Rata* distribution from any remaining funds

b. **Separately Classified Unsecured Claims** shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| **None** | | | |

## Part 6: Executory Contracts and Unexpired Leases [X] NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| **None** | | | | |

## Part 7: Motions

4

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, Notice of Chapter 13 Plan Transmittal, within the time and in the manner set forth in D.N.J. LBR 3015-1. A Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation must be filed with the Clerk of Court when the plan and transmittal notice are served.**

**a. Motion to Avoid Liens under 11 U.S.C. Section 522(f).** [ ] NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| None | | | | | | | |

**b. Motion to Void Liens and Reclassify Claim from Secured to Completely Unsecured. [X] NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| None | | | | | | |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured. [X] NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| None | | | | | |

**Part 8: Other Plan Provisions**

**a. Vesting of Property of the Estate**

  **X**  Upon Confirmation
  ___  Upon Discharge

**b. Payment Notices**

Creditors and Lessors provided for in Sections 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Trustee shall pay allowed claims in the following order:

5

1) **Trustee Commissions**
2) **Other Administrative Claims**
3) **Secured Claims**
4) **Lease Arrearages**
5) **Priority Claims**
6) **General Unsecured Claims**

**d. Post-petition claims** The Trustee **[ ]** is, **[X]** is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9: Modification [ ] NONE**

If this plan modifies a plan previously filed in this case, complete the information below.

Date of Plan being modified: **6/20/2017**

| Explain below **why** the Plan is being modified. | Explain below **how** the Plan is being modified. |
|---|---|
| **Debtor is surrendering his residence.** | **Removes loan modification and surrenders the residence.** |

Are Schedules I and J being filed simultaneously with this Modified Plan?  **[ ] Yes  [X] No**

**Part 10: Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

**[X]** NONE
**[ ]** Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: 9/5/2017            /s/Marc Capone
                          Attorney for the Debtor

Date: 9/5/2017            /s/Michael Leineek
                          Debtor

Date:                     _____
                          Joint Debtor

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.
Date: **September  5, 2017**        **/s/ Marc Capone**
                                     Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: **September  5, 2017**        **/s/ Michael  Leineek**
                                     Debtor

Date: _____
          Joint Debtor

7

```
                          United States Bankruptcy Court
                                District of New Jersey

In re:                                                         Case No. 13-31295-KCF
Michael Leineek                                                Chapter 13
        Debtor
                              CERTIFICATE OF NOTICE
District/off: 0312-3          User: admin              Page 1 of 2          Date Rcvd: Sep 11, 2017
                              Form ID: pdf901          Total Noticed: 39

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 13, 2017.
db             Michael Leineek,    48 Agress Rd,    Millstone Township, NJ   08535-1137
cr            +RESIDENTIAL CREDIT SOLUTIONS AS SERVICER FOR THE B,    Phelan Hallinan & Schmieg, PC,
               400 Fellowship Road,    Suite 100,    Mt. Laurel, NJ 08054-3437
cr            +RESIDENTIAL CREDIT SOLUTIONS LLC,    Phelan Hallinan & Schmieg, PC,    400 Fellowship Road,
               Suite 100,    Mt. Laurel, NJ 08054-3437
lm             Residential Credit Solutions Inc.,    POB 163229,    Fort Worth, TX   76161-3229
cr            +Santander Consumer USA, Inc.,    P.O. Box 562088, Suite 900-North,    Dallas, TX   75247,
               UNITED STATES 75356-2088
514245112      #ACB Receivables,    PO Box 350,    Asbury Park, NJ   07712-0350
514245113      #Acb Receivables Management,    PO Box 350,    Asbury Park, NJ   07712-0350
514245114     #+Acb Receivables Mngmt,    19 Main St,    Asbury Park, NJ 07712-7012
514245116      Attorney General,    US Dept Of Justice, Ben Franklin Station,    PO Box 683,
               Washington, DC   20044-0683
514245117      Bk Of Amer,    Attn: Correspondence Unit/CA6-919-02-41,    PO Box 5170,
               Simi Valley, CA   93062-5170
514245118    ++CAPITAL ONE,    PO BOX 30285,    SALT LAKE CITY UT 84130-0285
              (address filed with court: Cap One,    Po Box 85520,    Richmond, VA   23285)
514245119      Capital 1 Bank,    Attn: Bankruptcy Dept.,    PO Box 30285,    Salt Lake City, UT   84130-0285
514245120     +Capital One Bank,    PO Box 30285,    Salt Lake City, UT 84130-0285
514412384      Capital One Bank (USA), N.A.,    PO Box 71083,    Charlotte, NC   28272-1083
514245127     +HSS Radiologists,    Gpo Box 5058,    New York, NY 10087-5058
514245125      Horizon Blue Cross Blue Sheild Of NJ,    Dept V,    Newark, NJ   07101
514245126      Hospital For Special Surgery,    PO Box 29174,    New York, NY   10087-9174
515291441     +NCEP, LLC,    P.O. Box 165028,    Irving, TX 75016-5028
516453020     +Ortega Drywall,    c/o Rosenthal & Goldhaber,    1393 Veterans Memorial Highway,    Suite 212N,
               Hauppauge, NY 11788-3054
516845354     +Patrick Durning,    160 Forest Haven Court,    Freehold, NJ 07728-9029
514245131      Professional Claims Bureau,    PO Box 9060,    Hicksville, NY   11802-9060
514391550     +Residential Credit Solutions,    POST OFFICE BOX 163229,    FORTH WORTH, TEXAS 76161-3229
514245132      Residential Credit Solutions,    PO Box 163889,    Fort Worth, TX   76161-3889
514263155      Santander Consumer USA,    P.O. Box 560284,    Dallas, TX 75356-0284
514263892     +Santander Consumer USA Inc.¡,    as Assignee for Santander,    P.O. Box 961245,
               Fort Worth, TX 76161-0244
514245133     +Santander Consumer Usa,    Po Box 961245,    Ft Worth, TX 76161-0244
514245135    ++TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
              (address filed with court: Toyota Motor Credit,    4 Gatehall Dr Ste 350,
               Parsippany, NJ   07054)
514245134      Thomas Sculco, MD,    535 E 70th St,    New York, NY   10021-4823

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            E-mail/Text: usanj.njbankr@usdoj.gov Sep 12 2017 00:28:25     U.S. Attorney,    970 Broad St.,
               Room 502,    Rodino Federal Bldg.,    Newark, NJ   07102-2534
smg           +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Sep 12 2017 00:28:23     United States Trustee,
               Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
               Newark, NJ 07102-5235
515292614     +E-mail/PDF: acg.acg.ebn@americaninfosource.com Sep 12 2017 00:36:44     Ascension Capital Group,
               Attn: NCEP, LLC Department,    P.O. Box 165028,    Irving, TX 75016-5028
514245121     +E-mail/Text: bankruptcy_notifications@ccsusa.com Sep 12 2017 00:29:00     Credit Coll,
               Po Box 9134,    Needham, MA 02494-9134
514245122     +E-mail/Text: bankruptcy_notifications@ccsusa.com Sep 12 2017 00:29:00     Credit Collection,
               2 Wells Ave,    Newton Center, MA 02459-3246
514245123      E-mail/Text: bankruptcy_notifications@ccsusa.com Sep 12 2017 00:29:00
               Credit Collection Serv,    PO Box 773,    Needham Heights, MA   02494-0918
514245124      E-mail/Text: bankruptcy_notifications@ccsusa.com Sep 12 2017 00:29:00
               Credit Collections Svc,    PO Box 773,    Needham, MA   02494-0918
514245128     +E-mail/Text: cio.bncmail@irs.gov Sep 12 2017 00:28:10     Department of the Treasury,
               Internal Revenue Service,    PO Box 7346,    Philadelphia, PA 19101-7346
516143405      E-mail/Text: bankruptcy.bnc@ditech.com Sep 12 2017 00:28:15     Ditech Financial LLC,
               PO Box 6154,    Rapid City, SD 57709-6154
514245130     +E-mail/Text: bankruptcydepartment@tsico.com Sep 12 2017 00:28:54     Nco Fin /99,
               Po Box 15636,    Wilmington, DE 19850-5636
514245136      E-mail/Text: bankruptcydepartment@tsico.com Sep 12 2017 00:28:54     Transworld Systems Inc,
               507 Prudential Rd,    Horsham, PA   19044-2308
                                                                                              TOTAL: 11

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
514245129*     Department of the Treasury,    Internal Revenue Service,    PO Box 7346,
               Philadelphia, PA   19101-7346
514245115      ##Atlantic Advisors, Inc,    PO Box 841,    Asbury Park, NJ   07712-0841
                                                                                   TOTALS: 0, * 1, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

```
District/off: 0312-3          User: admin              Page 2 of 2              Date Rcvd: Sep 11, 2017
                              Form ID: pdf901          Total Noticed: 39
```

***** BYPASSED RECIPIENTS (continued) *****

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 13, 2017                                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 7, 2017 at the address(es) listed below:
              Albert   Russo     on behalf of Trustee Albert   Russo docs@russotrustee.com
              Albert   Russo     docs@russotrustee.com
              Albert   Russo (NA)    on behalf of Trustee Albert   Russo docs@russotrustee.com
              Andrew L. Spivack    on behalf of Creditor    RESIDENTIAL CREDIT SOLUTIONS AS SERVICER FOR THE BANK
               OF NEW YORK MELLON FKA THE BANK OF NEW YORK,AS TRUSTEE , et.al. nj.bkecf@fedphe.com
              Andrew L. Spivack    on behalf of Creditor    RESIDENTIAL CREDIT SOLUTIONS LLC nj.bkecf@fedphe.com
              Denise E. Carlon    on behalf of Creditor    THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK,
               AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWMBS INC., CHL MORTGAGE PASS-THROUGH   TRUST 2006-17,
               MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-17 bankruptcynotice@zuckergoldberg.com,
               bkgroup@kmllawgroup.com
              Denise E. Carlon    on behalf of Creditor    RESIDENTIAL CREDIT SOLUTIONS LLC
               dcarlon@kmllawgroup.com,  bkgroup@kmllawgroup.com
              Jennifer R. Gorchow    on behalf of Creditor    RESIDENTIAL CREDIT SOLUTIONS AS SERVICER FOR THE
               BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK,AS TRUSTEE , et.al. nj.bkecf@fedphe.com
              John R. Morton, Jr.    on behalf of Creditor    Santander Consumer USA, Inc.
               ecfmail@mortoncraig.com,  mortoncraigecf@gmail.com;mhazlett@mortoncraig.com
              Joshua I. Goldman    on behalf of Creditor    THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK,
               AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWMBS INC., CHL MORTGAGE PASS-THROUGH   TRUST 2006-17,
               MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-17 jgoldman@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Joshua I. Goldman    on behalf of Creditor    RESIDENTIAL CREDIT SOLUTIONS LLC
               jgoldman@kmllawgroup.com,  bkgroup@kmllawgroup.com
              Marc C. Capone    on behalf of Debtor Michael   Leineek mcapone@caponeandkeefe.com,
               docs@caponeandkeefe.com
                                                                                                TOTAL: 12
```